Hillsborough, }
April 2, 1912. }

### LIVERMORE & a., Ex'rs, v. WELLS & a.

BILL IN EQUITY, for the construction of the will of Elizabeth A. Livermore. Trial by the court. Transferred without a ruling from the September term, 1911, of the superior court by *Chamberlin,* J.

The second clause of the will is as follows: "My shares in the New Hampshire Insurance Company, in the Souhegan National Bank of Milford, my railroad shares, government bonds, and any other bonds or written evidences or printed of property may be sold and after all bequests are paid the remainder may be divided among the children of my brother . . . and the children of my sister . . . and Laura R. Manning . . . and their heirs." A codicil to the will is as follows: "Herein I designate Mrs. Harriet E. Wells to be my residuary legatee and so appoint." The will was holographic and undated, but was executed on or prior to September 10, 1893. The testatrix died November 3, 1910.

In addition to the property described in the will, the inventory disclosed stock of the American Can Company and of the American Telephone and Telegraph Company, bonds, coupons from bonds, checks payable to the decedent, a promissory note payable to her, and cash on hand, all acquired subsequent to the execution of the will. The executors, as interested parties, pray for instructions as to whether the property last enumerated passes under the second clause of the will or under the codicil.

*Thomas L. Livermore & a.,* executors, *pro se.*

*Burnham, Brown, Jones & Warren* (*Robert L. Manning* orally), for Charles B. Manning and others.

BINGHAM, J.    The intention of the testatrix, as disclosed in her will, was that the proceeds of the stocks, bonds, coupons, checks, and note in question should go under the second article of the will to the beneficiaries there named, and the executors are so advised.

*Case discharged.*

All concurred.